Filed 3/28/24  P. v. Gonsoulin CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN GONSOULIN,<br><br>    Defendant and Appellant. | F086121<br><br>(Super. Ct. No. SUF22555)<br><br><br>**OPINION** |

### <u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

Defendant Brian Gonsoulin brings this appeal after he was resentenced by the trial court. Counsel for defendant has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to conduct an independent review of the record on appeal. Although we offered defendant the opportunity to present his own brief on appeal through a letter, he has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record before this court. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the relevant facts and the procedural history of the case relevant to this appeal. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARY

On October 26, 1998, defendant was found guilty of committing a forceable rape (Pen. Code,[1] § 261, subd. (a)(2)) and kidnapping to commit a rape (§ 209, subd. (b)(1)). All enhancements alleging prior convictions, including a "strike" conviction were also found to be true. On November 24, 1998, defendant was sentenced to serve 75 years to life, which resulted when his base sentence was set at 25 years to life pursuant to section 667.61, subdivision (d)(2), and then was tripled under section 1170.12, subdivision (c)(2)(A) for three prior convictions of serious or violent felonies. Defendant also received an additional term of eight years related to additional enhancements addressing the violence of the offense and prior prison terms.[2] The sentences for kidnapping (count 2), and all remaining enhancements found true were then stayed pursuant to section 654.

---

[1]     All further statutory references are to the Penal Code.

[2]     In an appeal from his 1998 conviction, this sentence was then reduced by one year when one of the enhancements imposed was stricken by this court. (See *People v. Gonsoulin* (Feb. 3, 2000, F032203) [nonpub. opn].)

On October 18, 2022, the trial court concluded defendant was eligible for resentencing under section 1172.75, stating:

> "The Court has reviewed the judgment and has determined the judgment includes one or more enhancements pursuant to … section 667.5[, subdivision] (b). Thus, defendant qualifies for a recall and resentencing in this matter."

The court then recalled defendant's sentence, appointed counsel, and ordered a resentencing hearing.

Following a hearing held on March 30, 2023, the trial court vacated three prison prior enhancements. The court also dismissed each of the prior conviction enhancements citing section 1385. Finally, the court ruled it did not have discretion to dismiss the allegation in enhancement 1 to count 1 citing section 667.61, which set defendant's sentence for count 1 at 25 years to life. (See § 667.61, subd. (g).) The court then resentenced defendant to the term of 25 years to life in state prison. The sentence for enhancement 2 to count 1 was then stayed pursuant to section 654, as was the sentence for count 2. Three enhancements were dismissed in the interest of justice, and the remaining enhancements alleged under former section 667.5, subdivision (b) were stricken.

After defendant filed a timely notice of appeal, appellate counsel filed a brief asking this court to conduct a review of the resentencing pursuant to *Wende*, *supra*, 25 Cal.3d 436. We then sent a letter to defendant on December 27, 2023, giving him 30 days within which to raise any issues he believed should be considered by the court. Defendant did not submit any response to that letter sent by the court.

## DISCUSSION

Having carefully reviewed the entire record provided for defendant's resentencing, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## **DISPOSITION**

The ruling resentencing defendant under section 1172.75 is affirmed.